UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| v. | ) | **NO. 4:19-40114-TSH** |
| | ) | |
| **MOHAN PRASHAD, DAVID BESAW,** | ) | |
| **LANATON, LLC, & SAVTON, LLC,** | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER AND MEMORANDUM ON DEFENDANTS' MOTIONS TO DISMISS (Docket Nos. 11 & 15)

**February 5, 2020**

**HILLMAN, D.J.**

The United States of America (the "Government") filed this action against Mohan Prashad ("Prashad"), Lanaton, LLC ("Lanaton"), Savton, LLC ("Savton"), and David Besaw ("Besaw") (collectively, "Defendants") to enforce violations of Title VIII of the Civil Rights Act of 1968 (the "Fair Housing Act"), 42 U.S.C. §§ 3601, *et seq*. Defendants move to dismiss for failure to state a claim.[1] (Docket Nos. 11 & 15). For the following reasons, the Court ***denies*** their motions.

### Background[2]

Prashad owns several residential properties in the Worcester area in his own name or in the name of his corporate entities, Lanaton and Savton. (Docket No. 1 at 2). In 2014, Prashad hired Besaw, a Level 3 registered sex offender, to work for him at his properties. (Docket No. 1 at 2).

---

[1] Prashad, Lanaton, and Savton filed a joint motion to dismiss. (Docket No. 11). Besaw filed an individual motion to dismiss. (Docket No. 15). Because the motions raise similar arguments, the Court addresses them together.

[2] The following facts are taken from the Government's complaint (Docket No. 1) and assumed true for the purposes of this motion.

Besaw "conducts repairs in Prashad's rental units, takes out trash, collects rent, and shows units to prospective tenants and inspectors from local social service agencies." (Docket No. 1 at 2). Besaw holds himself out as Prashad's agent when performing these activities. (Docket No. 1 at 2).

From at least 2009 through the present, Prashad has discriminated against his female tenants by engaging in "severe or pervasive and unwelcome sexual harassment." (Docket No. 1 at 3). His conduct includes touching female tenants without their consent, offering tangible benefits such as discounted rent in exchange for performing sexual acts, taking adverse action against female tenants for resisting his advances, making unannounced visits to female tenants' apartments, monitoring his female tenants from outside their apartments, making unwelcome sexual comments and advances to female tenants, and failing to prevent his employee Besaw from harassing his female tenants after receiving notice of Besaw's conduct. (Docket No. 1 at 3–4). For example, Prashad came to the apartment of one female tenant uninvited and unannounced late at night. (Docket No. 1 at 4). When she resisted his advances, Prashad "stopped providing heat to her apartment and initiated eviction proceedings." (Docket No. 1 at 4). Prashad asked another female tenant if she was a stripper and wanted to know how much it would cost to "have her." (Docket No. 1 at 5). He repeatedly visited this tenant uninvited at early morning hours while she was getting dressed for work. (Docket No. 1 at 5).

From 2014 through the present, Besaw has discriminated against Prashad's female tenants by engaging in "severe or pervasive and unwelcome sexual harassment." (Docket No. 1 at 5–6). His conduct includes subjecting female tenants to unwanted sexual contact (e.g., groping), exposing his penis to female tenants, making unwelcome sexual comments and advances to female tenants, and making unannounced visits to female tenants' apartments. (Docket No. 1 at 6). For example, one female guest of a female tenant "woke up on the couch to find that her pants had

been pulled down and saw Defendant Besaw pulling his pants up." (Docket No. 1 at 6). Besaw also repeatedly made unwelcome advances to a different female tenant, culminating in an incident in which he approached her from behind and grabbed her breasts and buttocks. (Docket No. 1 at 6). When the tenant screamed, Besaw pushed her up against a wall. (Docket No. 1 at 6).

Female tenants reported Besaw's conduct to Prashad. (Docket No. 1 at 6–7). Prashad did nothing to intervene or prevent future sexual harassment. (Docket No. 1 at 7). And in some instances, he directly took adverse housing actions (e.g., initiating an eviction proceeding) against female tenants for reporting Besaw's conduct. (Docket No. 1 at 7).

The Government filed this complaint against Defendants on September 9, 2019, alleging discrimination in violation of the Fair Housing Act. (Docket No. 1). Prashad, Lanaton, and Savton moved to dismiss on October 15, 2019. (Docket No. 11). Besaw moved to dismiss on October 21, 2019. (Docket No. 15).

## **Legal Standard**

In evaluating a Rule 12(b)(6) motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. Am. Airlines, Inc.*, 199 F.3d 68, 69 (1st Cir. 2000). To survive the motion, the complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

## **Discussion**

The Fair Housing Act authorizes the Attorney General to sue "any person or group of persons" if he or she has reasonable cause to believe that (1) the person or group "is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights granted by" the Fair Housing Act, or (2) "any group of persons has been denied any of the rights granted by this subchapter and such denial raises an issue of general public importance." Defendants contend that the Government has not shown entitlement to relief under either prong.

First, Defendants argue that the Government has not established that Prashad or Besaw engaged in a practice or pattern of discrimination.[3] To establish a practice or pattern of discrimination, the Government must show that "discrimination was the [defendants'] standard operating procedure—the regular rather than the unusual practice." *United States v. Balistrieri*, 981 F.2d 916, 929 (7th Cir. 1992) (internal quotation marks omitted); *see also United States v. Harrison*, 188 F. Supp. 2d 77, 80 (D. Mass. 2002). "Proof of isolated or sporadic acts of discrimination does not suffice to prove a pattern or practice." *Balistrieri*, 981 F.2d at 929.

Here, the Government alleges that "[s]ince at least 2009 through the present, Defendant Prashad has subjected female tenants of the Properties to discrimination on the basis of sex, including severe or pervasive and unwelcome sexual harassment, on multiple occasions." (Docket No. 1 at 3). The Government identifies seven categories of discriminatory behavior and details

---

[3] In their motions, Defendants do not contest that Lanaton and Savton would be vicariously liable for Prashad's conduct if he violated the Fair Housing Act.

4

specific incidents of harassment experienced by three female tenants.[4] (Docket No. 1 at 3–5). The Government also alleges that, "[s]ince at least 2014 through the present, Defendant Besaw has also subjected female tenants of the Properties to discrimination on the basis of sex, including severe or pervasive and unwelcome sexual harassment, on multiple occasions." (Docket No. 1 at 5–6). The Government identifies four categories of discriminatory behavior and details specific incidents of harassment experienced by two female tenants and one female guest of a tenant.[5] (Docket No. 1 at 6–7). These allegations, taken as true, establish a pattern or practice of discrimination entitling the Government to relief. *See United States v. Webb*, No. 4:16CV1400 SNLJ, 2017 WL 633846, at *4 (E.D. Mo. Feb. 16, 2017); *United States v. Cochran*, No. 4:12-CV-000220-FL, 2013 WL 12158997, at *3 (E.D.N.C. May 10, 2013). The Court thus finds that the Government has shown entitlement to relief under the first prong.

Second, Defendants asserts that the Government has not established that any group was denied rights under the Federal Housing Act. "To demonstrate that a group of persons has been denied specific rights granted by the Act the government must show that the discriminatory conduct affects more than a single individual." *United States v. City of Parma, Ohio*, 494 F. Supp.

---

[4] The Court rejects the suggestion that the information provided by the Government is too "meager and vague" in substance to state a claim for relief. (Docket No., 11 at 4 n.2). The complaint identifies the nature of the Government's claim against Defendants and offers several examples of the conduct underlying that claim. *See Webb*, 2017 WL 633846, at *4 (declining to dismiss an action where "the complaint adequately advises defendants of the nature of the claims against them and provides examples of H. Webb's conduct"). It provides enough detail to survive a motion to dismiss.

[5] Prashad, Lanaton, and Savton contend that this Court should dismiss any claims against them that are premised on Besaw's conduct. The Court disagrees. The complaint alleges that Besaw worked for Prashad and held himself out as an agent of Prashad. (Docket No. 1 at 2). The complaint also alleges that, when the female tenants harassed by Besaw reported Besaw's actions to Prashad, Prashad failed to take the complaints seriously and, in some instances, even took adverse housing action against the female tenants for reporting the conduct. (Docket No. 1 at 6, 7). These allegations plausibly establish entitlement to relief against Prashad, Lanaton, and Savton for Besaw's conduct.

1049, 1095 (N.D. Ohio 1980), *aff'd*, 661 F.2d 562 (6th Cir. 1981). "Even an isolated act of discrimination against a group of persons is sufficient to support relief." *Id.* (citing *United States v. Hunter*, 459 F.2d 205, (4th Cir. 1972)). Here, the Government alleges that Prashad and Besaw discriminated against and sexually harassed multiple female tenants over the course of several years. And in support of this allegation, the Government details several specific examples of discrimination against female tenants. The Court thus alternatively finds that the Government has shown entitlement to relief under the second prong.

Besaw individually argues that the Government's claim against him is untimely. But he cites the statute of limitations governing private rights of action, which does not govern an action filed by the Government. *See* 42 U.S.C. § 3613(a)(1)(A). Because Besaw has failed to offer any evidence that the Government's claims are untimely as a matter of law under the longer statute of limitations applicable to this action, his challenge fails. *See* 28 U.S.C. §§ 2415, 2416, 2462; *see also Harrison*, 188 F. Supp. 2d at 80–81.

Finally, the Court denies Defendants' alternative request that the Court order the Government to provide a more definite statement of the claims against them. As noted above, the nature of the Government's claims is clear from the complaint.

## Conclusion

For the reasons stated above, Defendants' motions are ***denied***. (Docket Nos. 11 & 15).

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN
DISTRICT JUDGE**